## ASA COPELAND *versus* ABIEL PACKARD *et al.*

After a line for a town way had been run across the plaintiff's land by the selectmen, one of them informed him, that they were laying out a road across his land and pointed out to him its direction; but a new line was run back on the plaintiff's land, which completed the survey. The plaintiff was present at the town meeting when the proceedings of the selectmen were approved, and objected that he was not allowed a sufficient amount of damages. It was *held*, that even if it was necessary that notice should be given to the plaintiff, by the selectmen, before fixing on any location, or making their report to the town, the notice in the present case was sufficient; and that, in regard to the proceedings of the town, as the plaintiff was present at the town meeting, without objecting that he had not received sufficient notice, this was conclusive evidence that adequate notice had been given to him.

Where a sum of money was subscribed by certain individuals for the purpose of defraying a portion of the cost of a town way, and this fact was communicated to the inhabitants of the town before the town way was approved, it was *held*, that the vote of approval was not rendered invalid thereby.

TRESPASS *quare clausum.* By an agreed statement of facts, it appeared, that the defendants, who were the selectmen of West Bridgewater, had located a town way across the land of the plaintiff; that one Nahum Snell had proceeded to construct such road, in pursuance of a contract with the defendants; and that this entry and work were the cause of the action.

The plaintiff objected, that it did not appear in the doings and proceedings of the selectmen in relation to this road, that any notice was given to him of the application for such road, before the selectmen proceeded to locate it. It appeared, that after a line for the road had been run across the plaintiff's land by the selectmen, the plaintiff came to one of the selectmen, in the highway, and stopped a few minutes; that the selectman then informed him, they were laying out a road across his land, and pointed out to him its direction; that they ran a new line back on the plaintiff's land, which completed

Copeland
v.
Packard.

the survey; and that the plaintiff was present at the town meeting, when the proceedings of the selectmen were approved and accepted, and objected that the road was laid out injuriously to him, and that he was not allowed a sufficient amount of damages.

It further appeared, that previously to the location of the road by the selectmen, the sum of $147·50 was subscribed by certain individuals towards the payment of the cost of such road ; that one of the selectmen, while surveying the road, stated that he did not think the public good required that the road should be laid out unconditionally, but that if $150 or $200 or $250 should be subscribed, he thought the public good would require it; that when the report of the proceedings of the selectmen was brought before the town for approval and allowance, the selectmen stated that subscriptions had been made towards the payment of the cost of the road, to the amount of $147·50; that Snell declared at such town meeting, that he would construct the road for the sum at which its cost was estimated, in the report of the selectmen, and that he would receive the subscription paper in payment, to the amount of the subscriptions ; that it was thereupon voted by the town, to accept of such road, " providing the expense to the town does not exceed the sum of $290, separately from what Mr. Copeland may obtain for his land more than the sum at which it was appraised by the selectmen, as set forth in their report ; " and that Snell had no further claim against the town by virtue of such contract.

If the Court should be of opinion, that the action could be maintained upon these facts, the defendants were to be defaulted ; otherwise the plaintiff was to become nonsuit.

*Oct. 22a*   *Eddy* and *Stevens*, for the plaintiff, to the point, that sufficient notice was not given to the plaintiff previously to the location of the road, cited *Harlow* v. *Pike*, 3 Greenl. 438 ; and to the point, that the proceedings were rendered invalid by the fact, that a part of the cost of the road was to be defrayed by subscription, *Jones* v. *Andover*, 9 Pick. 146 ; *Commonwealth* v. *Sawin*, 2 Pick. 547 ; *Parks* v. *Boston*, 8 Pick. 218 ; *Commonwealth* v. *Cambridge*, 7 Mass. R. 158.

*W. Baylies*, *Warren*, and *Packard*, for the defendants, to

the point, that there was no analogy between this case and the case of a highway, inasmuch as it was not necessary that a town way should be adjudged by the selectmen to be of common convenience and necessity, and so that it was not necessary, that notice should be given to the plaintiff before the location of the road, cited *Jones* v. *Andover*, 9 Pick. 154; *Parks* v. *Boston*, 8 Pick. 218 ; *Commonwealth* v. *Coombs*, 2 Mass. R. 489 ; *Commonwealth* v. *Peters*, 3 Mass. R. 229 ; *Commonwealth* v. *Cambridge*, 7 Mass. R. 158 *;* that if notice was necessary, it would be presumed, in the present case, that sufficient notice had been given, *New Salem, Petitioners, &c.* 6 Pick. 470; and that the proceedings were not invalidated by the subscriptions, *Jones* v. *Andover*, 9 Pick. 146 ; *Freetown* v. *Bristol County Commissioners*, 9 Pick. 46 ; *Parks* v. *Boston*, 8 Pick. 218.

SHAW C. J. delivered the opinion of the Court. This was trespass against the selectmen of West Bridgewater, for a supposed irregularity in laying out a town way over the land of the plaintiff.

It is in the first place contended, that this action will not lie, that the defendants were acting on apparently lawful authority in directing the contractor in making this town road, and that if there was any irregularity in the proceedings, they should have been brought before the Court by *certiorari*, for revision.

Whether a writ of certiorari will lie to reëxamine the doings of selectmen or of towns in laying out town ways, I believe has never been decided in this Commonwealth ; I am not aware of any decision either way upon the point. In Maine it has been decided, that such proceedings cannot be brought before the court by certiorari, and therefore they have held, that the validity and regularity of these proceedings may be inquired into in an action of trespass. *Harlow* v. *Pike*, 3 Greenl. 438. But we have not thought it necessary to give an opinion upon this question, because upon other grounds we are of opinion, that the action cannot be maintained.

The first objection taken to these proceedings is, that it does not appear that the plaintiff had notice of the doings of the selectmen, or of the application for such road, before they

*Copeland*
*v.*
*Packard.*

*May term*
*1835, at*
*Plymouth.*

Copeland
v.
Packard.

proceeded to the location. It is conceded that the statute does not require any form of notice, nor indeed any notice, unless by implication. Here it appears, that the plaintiff had notice at the time the selectmen made the survey ; and before they had fixed on any location, it was quite open for the plaintiff to make any representation or application to the selectmen, or to ask them to fix a time for hearing him, if he wished it. It appears, in point of fact, that the line first run by the selectmen, before the plaintiff saw them, was not the line adopted, and that they afterwards ran a new line back, which was the one actually adopted. The proceedings of selectmen, in laying out, within their respective towns, particular and private ways, for the use of such town only, or for one or more individuals therein, are regulated by *St.* 1786, *c.* 67, § 1. These proceedings of the selectmen are merely provisional, and preparatory to the action of the town, by whom they must be approved and allowed ; and if notice be necessary by the selectmen prior to making their report, no particular form or mode of notice is necessary, and the notice in the present case was sufficient.

In regard to the proceedings of the town, the plaintiff was present at the meeting and stated his objections. Where one is actually present, no evidence of notice is requisite, or rather the presence of the party is conclusive evidence that adequate notice was given, unless indeed one appears to object to the sufficiency of the notice. *Inhabitants of New Salem, Petitioners, &c.* 6 Pick. 470.

The other ground of objection is, that a part of the cost of this town way was raised by subscription, and paid by individuals, and that this fact was communicated to the inhabitants of the town, at the meeting at which the way was allowed and approved, either as a motive to induce the inhabitants so to allow it, or to remove in part the opposition arising from the interest of the town, if they had to pay the whole expense. The cases of *Commonwealth* v. *Sawin*, 2 Pick. 547, and *Commonwealth* v. *Cambridge*, 7 Mass. R. 166, were relied on, in support of this objection. Both these were cases of highways, and the decision, especially in the latter case, turned on the distinction, that the Court of Sessions had not

exercised their judgment distinctly and independently upon the question, whether the highway was of common convenience and necessity, it appearing from the record itself, that it was not so considered if made wholly at the cost of the town. But it is obvious, that this consideration, namely, at whose cost a highway is to be made, can have no bearing upon the separate and distinct question, whether such way be of common convenience or necessity. It is strongly intimated in a more recent case, *Jones v. Andover*, 9 Pick. 153, that such was the ground of decision in *Commonwealth v. Sawin*. But without at all affecting the authority of those cases, it is proper again to refer to the obvious distinction, in the course of proceeding contemplated by the statute, between a private or town way, and a public highway. The mode of laying out a town way or private way, provided for by the first section of the statute, is not only the same, but contained in one and the same clause. It is for the use of the town only, or of one or more individuals thereof. And the owners of land through which such roads shall be laid out, shall receive a recompense, to be paid by the town, or the individual person or persons, for whose use the road is laid out. If the whole expense of such road may be borne by individuals, it is difficult to perceive upon what grounds of law or policy the proceeding can be held unlawful, where part of the expense is to be borne by the town, and part by individuals. The inducement operating upon the minds of the voters, to approve and allow the laying out such way, is certainly quite as strong where the towns are at no expense, as where they share it with individuals, and yet that is a case expressly warranted by the statute. It is plain, that in this case the legislature intended to repose a qualified judicial power in the selectmen and the town, in the confidence that they would respectively exercise it with equity and discretion, uninfluenced by interested considerations. If this power is not thus safely and wisely deposited, it is a question of legislation, not of law, whether and in what mode it shall be changed. The Court are of opinion, that these proceedings were not rendered invalid by the fact, that a part of the expense of this town way was borne by individuals instead of being borne wholly

Copeland
*v.*
Packard.

by the town, that the road was well laid out, and that the plaintiff is not entitled to recover.

*Plaintiff nonsuit.*